IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

| | | |
|---|---|---|
| **NARSEAL BATISTE,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:12-01223 |
| | ) | |
| **FEDERAL BUREAU OF PRISONS,** | ) | |
| | ) | |
| Defendant. | ) | |

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending is Plaintiff's letter-form Motion to Withdraw and Dismiss Complaint (Document No. 4.), filed on May 1, 2012. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

**FACTUAL AND PROCEDURAL HISTORY**

On April 19, 2012, Plaintiff, proceeding *pro se* and in confinement at FCI Beckley, filed a letter addressed to the Clerk of the Court in which he complained that he was receiving inadequate medical care. (Document No. 1.) Specifically, Plaintiff stated as follows:

> I apologize for these circumstances. I do need immediate hospitalization. I'm writing this letter to find out where I began at to file a medical complaint in the U.S. Court against the Federal Bureau of Prisons at Beckley Inst. I have reported ill since Nov. 1, 2006, to the Federal BOP. I finally received treatment related to my illness on March 21, 2012, however, I'm ill severely and this treatment didn't eliminate my abdominal ailment. I have a bacterial parasite existing in my abdomen that is living on my digestive glands that still today is going untreated.

(Id.) By letter dated April 19, 2012, the Clerk notified Plaintiff that his letter was filed as a civil action under Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). (Document No. 3.) The Clerk further provided Plaintiff with the following forms: (1) Two copies of a Bivens Action with Instructions; (2) Two

Applications to Proceed Without Prepayment of Fees and Costs; (3) Two Consents for Collection of Fees from Trust Account; and (4) Consents to Jurisdiction by a United States Magistrate Judge. (Id.)

On May 1, 2012, Plaintiff filed his letter-form Motion to Withdraw and Dismiss Complaint. (Document No. 4.) Specifically, Plaintiff stated as follows (Id.):

> I am writing your office today and the Court in regards to the above-referenced subject matter and the letter I sent to the Court describing my abdominal ailment that necessitates immediate medical attention. I respectfully submit it is not my desire to purse a Bivens action or civil suit at this time. As a matter of fact, I am still in the process of exhausting the administrative remedy process within the BOP. Hence, my letter to the Court.
>
> Moreover, in light of the fact I am still attempting to receive adequate medical attention to my known serious medical needs protected by the Eighth Amendment, any anticipated civil action will have to be put on hold at this time. Hence, my desire to have said case number withdrawn from the docket at this time.

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent

substantial prejudice to the defendant." <u>Andes v. Versant Corp.</u>, 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from the prospect of a second lawsuit. <u>See</u> <u>Vosburgh v. Indemnity Ins. Co. of North America</u>, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." <u>Id.</u>

Defendant has neither filed an Answer to Plaintiff's Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. <u>See</u> <u>e.g.</u>, <u>Camacho v. Mancuso</u>, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.")

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Plaintiff's Motion to Withdraw and Dismiss Complaint (Document No. 4.), **DISMISS** Plaintiff's Complaint (Document No. 1.) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days,

filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: May 2, 2012.

R. Clarke VanDervort
United States Magistrate Judge